**K & D DISTRIBUTORS, LTD., Plaintiff,**

v.

**ASTON GROUP (MICHIGAN), INC., Defendant.**

**No. 3:03 CV 7719.**

United States District Court,
N.D. Ohio,
Western Division.

Jan. 18, 2005.

Kevin D. Devaney, Stuart J. Goldberg, Eastman & Smith, Toledo, OH, for K & D Distributors, Ltd., Plaintiff.

James D. Caruso, Arnold & Caruso, James H. O'Doherty, Terrance K. Davis, Shumaker, Loop & Kendrick, Toledo, OH, Peter Vogel, Gardere Wynne & Sewell, Dallas, TX, for Aston Group (Michigan), Inc., Defendant.

## ORDER

CARR, Chief Judge.

This is a suit between a buyer and a seller of software. Pending is a motion by the seller to strike two affidavits submitted by the buyer in opposition to the seller's motion for summary judgment and support of the buyer's motion for summary judgment.

The basis for the motion is that: 1) the affiants were not disclosed as required by applicable discovery rules; and 2) statements

by the affiants contradict testimony by another witness offered by the buyer under Fed. R. Civ. P 30(b)(6).

The buyer points out that it had disclosed the identities of the affiants in an interrogatory answer. During the course of a deposition, the buyer's attorney indicated that he did not then know the whereabouts of one of the affiants, Debra Russell, but he would get it and give it to the seller's attorney.

He did not do so. He forgot about his commitment. The seller's attorney did not later ask—presumably, he assumed that the buyer's attorney had not be able to locate Ms. Russell. The seller's attorney first became aware of her testimony when he read her affidavit in opposition to his motion for summary judgment and support of the buyer's cross-motion.

The seller seeks to strike the affidavit of the other affiant, Brian Ehlert, on the basis that he should have been disclosed under Rule 30(b)(6).

■ First, with regard to the delayed disclosure of Ms. Russell, as pointed out by the buyer, her affidavit was filed before final close of the discovery period. In any event, whether the discovery period remained open or not, the seller's attorney could and should have sought to take Ms. Russell's deposition and, if needed, further discovery. Had such request been rejected, the seller's attorney could have sought relief in the form of a ruling either striking her affidavit or extending deadlines sufficiently to enable him to depose Ms. Russell. He did not do so, and I decline to grant at this point the drastic remedy of striking her testimony, and possibly, thereby, ruling in the seller's favor when otherwise such ruling might not be justified.

There is no issue about alleged late disclosure of Mr. Ehlert, who was identified early on as a potential witness. In light of that identification, the seller's attorney should have noticed him for deposition or otherwise sought formally or informally to learn if he had anything worthwhile to contribute to the case.

■ The seller goes on at some length about the alleged inconsistency between Mr. Ehlert's affidavit and the testimony of the buyer's Rule 30(b)(6) witness. It contends, in effect, that a witness identified with or called by a party can never, under any circumstance, contradict testimony by another witness for that party (or, at least, the party's Rule 30(b)(6) witness).

In support of this claim, the seller cites several cases, asserting that those cases support the proposition that a *party* can never contradict the testimony of one of its witnesses.

Those cases do not support that broad contention. They stand, rather, for the more modest proposition that a *witness* who has testified in a deposition cannot, when a party is confronted by a motion for summary judgment, be heard to say something different that what he or she said earlier.

Thus, in *Kelso v. City of Toledo*, 77 Fed. Appx. 826, 833, 2003 WL 22284122, *7 (6th Cir.2003) (Unpublished disposition) (citing *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 460 (6th Cir.1986)) (emphasis supplied), the court stated, "After a motion for summary judgment has been made, a party may not create a factual issue by filing an affidavit that contradicts *her* earlier deposition testimony." [1]

To be sure, other cases likewise refer to contradictions between *a party's* former testimony and that party's later affidavit. Those cases, when read correctly, do not, however, foreclose a party from offering other, and even inconsistent, evidence in response to a summary judgment motion when that evidence comes from someone other than the party's own individual testimony.

Thus, in *Lockard v. General Motors Corp.*, 52 Fed.Appx. 782, 789, 2002 WL 31780957, *7 (6th Cir.2002) (Unpublished disposition), the court, as the seller's brief recited, stated (Doc. 38 at 6), "A party who has been examined at length at deposition cannot create a genuine issue of material fact by later sub-

---

1. I note that the seller's brief altered the meaning of this quotation when it quoted the cited passage as reading: "after a motion for summary judgment has been made, a party may not create a factual issue by filing an affidavit that contra- dicts *[the party's]* earlier deposition testimony." (Emphasis added). The affiant was a third-party witness, not a party. Substituting "the party's" for the pronoun "her" was improper.

mitting an affidavit that contradicts previously sworn testimony." Read in context, however, it is clear that the court uses the term "party" not in a generic sense, but as a reference to an individual, who is a party to the litigation and whose summary judgment affidavit contracts his or her own former testimony, rather than that of another of his or her witnesses.

Likewise, in all other cases cited by the seller, the inconsistencies to which the courts referred were between the original testimony and later affidavit of an individual witness, whether that witness was a party or a nonparty. *Graham v. Amer. Cyanamid Co.*, 350 F.3d 496, 509 (6th Cir.2003) (third-party witness's affidavit allegedly contradicted his prior deposition testimony); *Reid v. Sears, Roebuck and Co.*, 790 F.2d 453, 459 (6th Cir. 1986) ("A party may not create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts *her* earlier deposition testimony.") (emphasis supplied); *Lockard v. General Motors Corp.*, 52 Fed.Appx. 782, 788, 2002 WL 31780957, *7 (6th Cir.2002) (Unpublished disposition) (plaintiff's affidavit properly stricken as inconsistent with her prior deposition testimony); *Mav of Michigan, Inc. v. Am. Country Ins. Co.*, 289 F.Supp.2d 873, 874 n. 3 (E.D.Mich.2003) (statement, as quoted by seller's brief, that courts are "highly critical of efforts to 'patch up' a party's deposition with its own subsequent affidavit," (Doc. 38 at 6), referred, in context, to an affidavit by a third-party witness that contradicted her prior deposition testimony).[2]

 The more narrow, and correct, rule is that a party cannot offer a witness's affidavit that contradicts that witness's prior testimony. Thus, even assuming (which is doubtful) that the Ehlert affidavit contradicts Ms. Dooley's testimony, that affidavit is admissible.

**2.** The seller's brief also cites *White v. Insurance Co. of State of Pennsylvania*, 282 F.Supp.2d 618, 621 (N.D.Ohio 2003) (ellipsis in original), which contains the statement, "Nor may a party 'create a factual issue by filing an affidavit, after a motion for summary judgment has been made, which contradicts ... earlier deposition testimony.'" The internally quoted material is taken

## Conclusion

Neither affidavit is properly subject to being stricken. It is, accordingly,

ORDERED THAT the defendant's motion to strike affidavits be, and the same hereby is overruled.

So ordered.

from *Reid, supra*, but omits the pronoun "her," which is crucial to understanding the limited prohibition against use of inconsistent statements in opposing a motion for summary judgment. The seller's brief also cites *Kaufman & Payton, PC v. Nikkila*, 200 Mich.App. 250, 503 N.W.2d 728 (1993). Michigan law plays no role in the decision of the issue discussed in this opinion.